1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10  NEIL GRENNING,

11              Petitioner,

12        v.

13  JAMES KEY,

14              Respondent.

CASE NO. 3:16-CV-05983-RJB-DWC

ORDER APPOINTING COUNSEL

15

16      The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United

17  States Magistrate Judge David W. Christel. Petitioner Neil Grenning filed his federal habeas

18  Petition seeking relief from a state court conviction. *See* Dkt. 8. After reviewing the relevant

19  state court decisions and the record before this Court, the Court determined portions of the state

20  court record essential for this Court's review were not included in the record. Dkt. 28. The Court

21  directed Respondent to provide the Court with a proposed method which would allow the Court

22  and Petitioner to view a supplemental record containing copies of evidence necessary for review

23  of Petitioner's nine grounds for relief. *Id.*

24

ORDER APPOINTING COUNSEL - 1

1    On June 23, 2017, Petitioner filed a letter addressed to Respondent's attorney stating he

2    does not want to view any images at this time and does not believe it is necessary to review the

3    supplemental record. Dkt. 29. But, he reserved his right to review the supplemental record, if it

4    becomes absolutely necessary. *Id*. Respondent filed objections to the Order on June 26, 2017,

5    requesting the District Judge modify or vacate the Order. Dkt. 30.

6    In light of Petitioner's letter and Respondent's objections, the Court directed the parties

7    to provide briefing addressing: Whether counsel should be appointed to represent Petitioner for

8    the limited purpose of resolving issues involving the production and review of the requested

9    supplemental record. Dkt. 32.

10    On July 20, 2017, both Petitioner and Respondent filed briefs. Dkt. 35, 36. Petitioner

11    requests counsel be appointed for the limited purpose of resolving issues related to the

12    production and review of any supplemental record. *See* Dkt. 35. Respondent states he does not

13    oppose the limited appointment of counsel in this case. Dkt. 36.

14    There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an

15    evidentiary hearing is required or such appointment is "necessary for the effective utilization of

16    discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.*

17    *Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,

18    1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing

19    Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint

20    counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754.

21    In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the

22    merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

23    complexity of the legal issues involved." *Id.*

24

1    Here, the Court has requested a supplemental record which contains sensitive material.

2    *See* Dkt. 28. Petitioner's incarceration makes viewing the materials very difficult. *See* Dkt. 30.

3    For example, the materials are currently under seal in the Pierce County Superior Court and

4    contain sensitive content which cannot be copied. Therefore, the Court finds the interests of

5    justice require the Court appoint counsel for the limited purpose of representing Petitioner on all

6    matters related to the production and review of any supplemental record.

7    The Court **appoints the Federal Public Defender for the Western District of**

8    **Washington (FPD) as limited counsel for Petitioner.** The FPD's representation of Petitioner is

9    limited to matters related to the production and review of any supplemental record. The Clerk

10    shall provide a copy of this Order to: Michael Filipovic, Federal Public Defender, Federal Public

11    Defender's Office, 1601 Fifth Avenue, Suite 700, Seattle, Washington  98101.

12    As Petitioner is now represented by counsel, the Court orders the following:

13    • The parties are directed to provide the Court with a proposed method which will allow the

14    Court and Petitioner's counsel to review a supplemental record. The supplemental record

15    must contain copies of all evidence related to Petitioner's nine grounds for relief, including

16    photographs, audio recordings, and physical evidence, which was submitted to the jury and

17    relied on by the state court.[1]

18    • The proposed method for reviewing the supplemental record must be provided to the Court

19    on or before August 25, 2017.

20    • After the parties have submitted the proposed method for review of the supplemental

21    record, the Court will enter a scheduling order setting dates for: (1) the implementation of

22

23    [1] The Court will accept briefing from Petitioner's counsel regarding whether any photographs, audio
recordings, or physical pieces evidence are irrelevant to the Court's decision and may be excluded from the
24    supplemental record.

the proposed method for review of the supplemental record; and (2) filing supplemental

briefing.

The Clerk of Court is directed to re-note the Petition for August 25, 2017.[2]

Dated this 25th day of July, 2017.

David W. Christel
United States Magistrate Judge

---

[2] The Court notes the Petition will likely be re-noted after the Court revolves the issues regarding the filing of the supplemental record.

ORDER APPOINTING COUNSEL - 4