# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

NEIL GREENING,

        Petitioner,

v.

JAMES KEY,

        Respondent.

CASE NO. 16-5983 RJB

ORDER ON PETITIONER'S MOTION FOR STAY AND ABEYANCE OF HABEAS PROCEEDINGS

THIS MATTER comes before the Court upon the Petitioner's Motion for a Stay and Abeyance of Habeas Proceedings. Dkt. 66. The Court has considered pleadings filed regarding the motion, and the remaining record.

On November 23, 2016, Petitioner filed this habeas corpus petition, challenging a 1,392 month sentence for his 2004 conviction, after a jury trial, of 16 counts of first degree child rape, 26 counts of sexual exploitation of a minor, 6 counts of first degree child molestation, 1 count of second degree assault of a child with sexual motivation, and 2 counts of first degree attempted

ORDER ON PETITIONER'S MOTION FOR STAY AND ABEYANCE OF HABEAS PROCEEDINGS - 1

child rape in connection with his treatment of two boys who were five and six years old. Dkts. 1 and 4. For the reasons provided below, Petitioner's motion (Dkt. 66) should be denied.

I. **FACTS**

On May 8, 2018, a 54-page Report and Recommendation was filed, recommending this Court find, in part that, of the nine grounds raised in the petition, ground seven, was not exhausted and is now procedurally barred. Dkt. 61. Ground seven of the petition asserts that "[t]here was insufficient evidence to convict Petitioner of second-degree assault of a child (Count 40)." Dkt. 4. The Report and Recommendation then went on to recommend that even if ground seven was exhausted and was not procedurally barred, it should be denied on the merits. Dkt. 61.

Petitioner sought, and was granted, an extension of time to file objections to the Report and Recommendation, asserting that his intended objections were lengthy and he had limited time in the law library. Dkts. 62 and 65. His objections are due on June 22, 2018. Dkt. 65.

Petitioner now files a 70 page motion (with attachments) to stay this Court's consideration of his petition. Dkt. 66. Petitioner claims that he has recently filed a fourth Personal Restrain Petition ("PRP") with Division II of the Washington State Court of Appeals, arguing that the "State presented insufficient evidence to support Count XL (40), contrary to the Fifth and Fourteenth Amendments' Due Process Clauses," in an effort to exhaust this claim. Dkt. 66, at 18. Petitioner asserts that he is not procedurally defaulted from bringing the claim under Washington law. Dkt. 66.

Respondent opposes the motion. Dkt. 67. Petitioner has filed a reply. Dkt. 68. The motion is ripe for decision.

## II. DISCUSSION

Petitioner's motion pre-supposes that this Court will find that his seventh ground for relief is unexhausted, and is not procedurally barred by Washington state law.

Assuming, without finding, that the claim is unexhausted, "[i]n addition to the exhaustion requirement, a federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). Under the procedural bar doctrine, if a state procedural rule would now preclude the petitioner from raising his claim in the state courts, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the claim. *Coleman v. Thompson,* 501 U.S. 722, 731-732 (1991).

In Washington, "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW § 10.73.090 (1). As is relevant here, a judgement and sentence in Washington becomes final on the date the United Supreme Court "denied certiorari to review a decision affirming the conviction on direct appeal." RCW § 10.73.090 (3)(c). The United Supreme Court denied certiorari on Petitioner's second direct appeal on October 7, 2013. *Greening v. Washington,* 571 U.S. 865 (2013). Accordingly, the time for Petitioner to file post-conviction relief in the Washington state courts ended on October 7, 2014.

Petitioner argues that an exception to the time bar in RCW § 10.73.090 applies here. Indeed, the one-year time limit in RCW § 10.73.090 "does not apply if the petitioner pleaded not guilty and demonstrates that the evidence was insufficient to support the conviction." *Matter of Bell*, 187 Wn.2d 558, 565 (2017)(*citing* RCW § 10.73.100(4)). The Petitioner pleaded not

guilty. Turning to the second consideration, the sufficiency of the evidence in the context of whether RCW § 10.73.100 (4) applies, the test "is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. All reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* at 566.

As stated in the Report and Recommendation (Dkt. 61 at 45-47), Petitioner has failed to show that the evidence used to support his conviction on count 40 was insufficient. The Court adopts the reasoning as stated in the Report and Recommendation for purposes of this test. Accordingly, RCW § 10.73.100 (4)'s exception to the time bar does not apply. Washington State procedural rules bar consideration of an attempt at post-conviction relief on this claim. *Matter of Bell*, at 566 (holding that, while petitioner's PRP claim, that there was insufficient evidence to support his conviction for intent to deliver cocaine, was arguably exhausted, it did not meet the requirements under RCW § 10.73.100 (4); accordingly, it did not escape the one-year time bar in RCW § 10.73.090 and the petition was dismissed).

"[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper,* at 327. Accordingly, "[i]f a petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if he shows: (1) good cause for his failure to exhaust the claim; and prejudice from the purported constitutional violation; or (2) demonstrates that not hearing the claim would result in a 'fundamental miscarriage of justice.'" *Id.* (*internal citations omitted*).

Despite finding that Petitioner's seventh ground is barred from consideration under Washington's procedural rules, the Court will now turn to whether it can, nonetheless, consider the claim, using the three prong test stated in *Cooper*.

(1) <u>Good Cause for Failure to Exhaust and Prejudice</u>

"An objective factor outside of a petitioner's control (e.g., ineffective assistance of counsel or a basis for the claim that was previously unavailable) could constitute [good] cause in this context. *Cooper,* at 327.

To the extent that he has not exhausted ground seven, Petitioner makes no showing that he had good cause for his failure to exhaust the claim. He filed several timely personal restraint petitions after his conviction became final under Washington law. Petitioner made the same argument (insufficiency of the evidence to support the conviction) in regard to his conviction on count 36. That claim was adjudicated to the merits. Although he asserts that he is confused over whether the claim was exhausted, that does not constitute an "objective factor outside [his] control." Petitioner has not shown adequate cause.

The petitioner can meet the prejudice prong if he demonstrates "that the errors ... worked to his actual and substantial disadvantage, infecting his entire proceeding with errors of constitutional dimension." *Cooper*, at 327.

Petitioner fails to meet the prejudice prong. While he baldly asserts that conviction on this count resulted in a longer sentence, Petitioner failed to show that the alleged error had a "substantial and injurious effect" on his sentence.

(2) <u>Miscarriage of Justice by Showing a Colorable Claim of Factual Innocence</u>

A federal court can also consider a claim that is procedurally barred when the "petitioner can demonstrate a fundamental miscarriage of justice by establishing that under the probative evidence he has a colorable claim of factual innocence." *Cooper*, at 327.

Petitioner offers no evidence or argument in support of this exception. He points to no evidence of his factual innocence. He makes no showing as to this prong.

## CONCLUSION

Petitioner's Motion for Stay and Abeyance of Habeas Proceedings (Dkt. 66) should be denied. Petitioner's seventh ground for relief, the one upon which he seeks time to exhaust in the state courts, is procedurally barred by Washington state law. Considering the factors announced in *Cooper,* there is no showing that the Court should, nonetheless consider this claim.

## III. ORDER

Accordingly, it is **ORDERED** that:

- Petitioner's Motion for a Stay and Abeyance of Habeas Proceedings (Dkt. 66) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of June, 2018.

ROBERT J. BRYAN
United States District Judge