# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

NEIL GREENING,

            Petitioner,

v.

JAMES KEY,

            Respondent.

CASE NO. 16-5983 RJB DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

      This matter comes before the Court on the Petitioner's Report and Recommendation. Dkt. 61. The Court has considered the Report and Recommendation, Petitioner's Objections, Respondent's Response to the Objections, and the remaining record.

      On November 23, 2016, Petitioner filed this habeas corpus petition, challenging a 1,392 month sentence for his 2004 conviction, after a jury trial, of 16 counts of first degree child rape, 26 counts of sexual exploitation of a minor, 6 counts of first degree child molestation, 1 count of second degree assault of a child with sexual motivation, and 2 counts of first degree attempted child rape in connection with his treatment of two boys who were five and six years old. Dkts. 1

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1 and 8. Now pending is a 54-page Report and Recommendation, which recommends denial of
2 Petitioner's habeas corpus petition and that no certificate of appealability should issue. Dkt. 61.
3 Petitioner filed objections to the Report and Recommendation. Dkt. 73. For the reasons
4 provided below, the Report and Recommendation (Dkt. 61) should be adopted, the petition
5 denied, and no certificate of appealability should issue.

## I. FACTS AND PROCEDURAL HISTORY

The facts are in the Report and Recommendation (Dkt. 61) and are adopted here. The Report and Recommendation was filed on May 8, 2018 and originally noted for consideration on May 25, 2018. Dkt. 61. Petitioner sought, and was granted, several extensions of time to file objections to the Report and Recommendation. Dkts. 62, 65, 69 and 72. Petitioner filed 74 pages of objections. Dkt. 73. Respondent filed a response to the objections, pointing out that Petitioner violated Local Rule W.D. Wash. 72 when he filed 74 pages of objections and argues that the Report and Recommendation should be adopted.

Before he filed his objections, Petitioner also sought a stay in the case so that he could exhaust ground seven. Dkt. 66. The motion for the stay was denied. Dkt. 70. In the Order Denying Stay, assuming that ground seven was not exhausted, the undersigned found that ground seven was procedurally barred and that the Washington exception cited by Plaintiff, RCW § 10.73.100 (4), did not apply. *Id.*

## II. DISCUSSION

**A. LOCAL RULE W.D. WASH. 72**

Contrary to Local Rule W.D. Wash. 72, which provides objections to reports and recommendations shall not exceed 12 pages, Petitioner filed 74 pages of objections - 62 pages more in objections than is allowed by the rule. He did not seek leave to file the extra pages.

In the interest of fully considering the case, the undersigned reviewed and considered the entirety of the objections.

**B. PETITIONER'S OBJECTIONS RELATING TO THE PETITION**

Petitioner's objections do not provide a basis to reject the Report and Recommendation's recommendations regarding his petition. The Report and Recommendation should be adopted and the petition denied.

<u>Objections to Procedural Background, Exhaustion, and Procedural Default Section</u>

Petitioner asserts that the Report and Recommendation errs in its recitation of the procedural background and in the exhaustion and procedural default section. Dkt. 73.

The Report and Recommendation recommends that this Court find, in part that, of the nine grounds raised in the petition, portions of ground six and ground seven were not exhausted and are now procedurally barred. Dkt. 61. Ground six of the petition claims that "[h]earsay statements [by witnesses Ms. West, Officer Tscheuschner, Officer Deccio, Detective Baker, and Dr. Duralde] were admitted against Petitioner without the affording him the right to cross examine R.W. . ." Dkt. 8. The Report and Recommendation recommends finding that this ground was only properly presented to the state courts as to Dr. Duralde. Dkt. 61. Ground seven of the petition asserts that "[t]here was insufficient evidence to convict Petitioner of second-degree assault of a child (Count 40)." Dkt. 8. The Report and Recommendation then went on to recommend that even if portions of ground six and ground seven were exhausted, they should be held to be procedurally barred. Dkt. 61. It further recommended that ground seven be denied on the merits. *Id.*

Petitioner argues that the Report and Recommendation erred in failing to use Petitioner's exact phrasing of one ground. *Id.* He asserts that, as to ground six, all the hearsay from all

witnesses issues were exhausted. *Id.* Petitioner maintains that the Report and Recommendation improperly found that Respondent asserted that Petitioner failed to exhaust ground seven, mistakenly found that ground seven was not exhausted and is now procedurally barred. *Id.* Petitioner raises the same arguments that he did in his motion to stay. *Id.* He also argues that Report and Recommendation fails to properly cite page numbers and takes issue with the characterization of some of his arguments. *Id.*

Many of these objections are technical in nature, without merit, and some are frivolous. As stated in the Report and Recommendation, portions of ground six are not exhausted and are procedurally barred. It is unclear whether Respondent intended to argue that ground seven is exhausted. To the extent he did, ground seven is, not exhausted and is procedurally barred. To the extent Petitioner again argues that he should be permitted to exhaust ground seven in the state courts, the reasoning from the Order Denying Petitioner's Motion for a Stay (Dkt. 70) is again adopted. Petitioner just repeats his prior assertions and they are without merit. Moreover, even if ground seven is properly exhausted, Petitioner should be denied the relief he seeks in ground seven on the merits, as explained in the discussion below on ground seven's merits.

<u>Objections Related to the Report and Recommendation's Recommendations on the Merits</u>

Petitioner objects to the Report and Recommendation's recommendation that his Petition be denied on the merits as to grounds 1-5, the remaining portion of ground 6, and grounds 7-9. Dkt. 73.

<u>Grounds One and Two</u>

In grounds one and two, Petitioner asserts that he did not receive notice of the aggravating elements used to sentence him before trial, and that the trial court's use of judicial fact-finding to

support the imposition of consecutive sentences violated *Blakely v. Washington,* 542 U.S. 296 (2004). Dkt. 8. The Report and Recommendation recommends denial of both grounds. Dkt. 61.

As to grounds one and two, Petitioner again objects to the Report and Recommendation's characterizations of several of his arguments, he argues, without citation to any authority that "Washington state has no discretionary consecutive sentencing scheme," takes issue with the Report and Recommendation's quotation of the sentencing court, again maintains that he had no notice of the "aggravating elements," contends that his sentence was not within the standard range, objects to the Report and Recommendation's quotation from *Brady v. Miller-Stout,* 2013 WL 4522478, and other cases he asserts are not dispositive and unhelpful, maintains that he received an exceptional sentence, and so, he asserts that his constitutional rights were violated. Dkt. 73. Petitioner argues repeatedly that the Report and Recommendation does not address his argument that his sentence violated *Blakely v. Washington,* 542 U.S. 296 (2004) because it was an exceptional sentence based on facts found by the judge and not jury. *Id.*

Petitioner's objections do not provide a basis to reject the Report and Recommendation. The Report and Recommendation directly address his substantive arguments as to both grounds. The Report and Recommendation squarely addresses his *Blakely* arguments related to ground two. As stated in the Report and Recommendation, under U.S. Supreme Court precedent *Oregon v. Ice,* 555 U.S. 160 (2009), Petitioner's ground two fails. His arguments regarding the characterization of his claims are without merit and do not change the result.

<u>Ground Three</u>

Petitioner's ground three provides that the trial "court restricted discovery access in a manner precluding analysis by defense experts" when it entered a "protective order requiring defense experts to bring their equipment to the County City building" to view computer data collected

against him, and so violated his right to a fair trial and right to effective assistance of counsel because he could not find an expert willing to do so. Dkt. 8, at 8. The Report and Recommendation recommends denial of this ground because there is no established federal law holding that a defendant's inability to gain unimpeded access to hard drives containing sensitive information is a violation of his constitutional rights. Dkt. 61.

Plaintiff, in his objections, again objects to the Report and Recommendation's framing of the issue, the summary of his argument, and the Report and Recommendation's citation to cases. Dkt. 73. These multiple technical issues are without merit and fail demonstrate that the Report and Recommendation should not be adopted. He also against attempts to cast ground three extraordinarily broadly. Dkt. 73. He asserts, as he did in his prior briefing, that the protective order denied him all access to the evidence. *Id.* For the reasons stated in the Report and Recommendation, Petitioner's framing of the issue is too broad. His objections do not provide a basis to reject the recommendation that he be denied the relief he seeks as to ground three.

<u>Grounds Four and Five</u>

In grounds four and five, Petitioner asserts that his convictions and sentence violate double jeopardy principles. Dkt. 8. The Report and Recommendation recommends denying Petitioner relief on both these grounds. Dkt. 61. As to ground four, Petitioner contends that his convictions for both second-degree assault of a child and sexual exploitation of a minor violated double jeopardy because they were based on the same criminal episode and relied on the same evidence. Dkt. 8. The Report and Recommendation recommends finding that there is no violation of double jeopardy because the two crimes require different elements to convict. Dkt. 61. As to his fifth ground for relief, that his consecutive sentence violates double jeopardy, the

Report and Recommendation recommends finding that Petitioner failed to demonstrate that he was punished twice for the same conduct, and so his claim should be denied. *Id.*

In his objections, Plaintiff again raises several technical arguments about the Report and Recommendations' casting of his arguments, citation to case law, and broadly asserts that "there is no evidence the state court applied the test correctly." Dkt. 73. Petitioner then reiterates his prior arguments regarding the elements of the offenses and again contends that he received an exceptional sentence above the standard range. *Id.* None of these objections provide a basis to reject the Report and Recommendation; the substantive issues raised in the objections are addressed in the Report and Recommendation. The recommendation to deny him relief as to grounds four and five should be adopted.

### Ground Six

In the exhausted portion of ground six, Petitioner asserts that his constitutional right to confront R.W. (one of the child victims) was violated when hearsay testimony from Dr. Duralde was admitted. Dkt. 8. The Report and Recommendation recommends denial of this ground for relief. Dkt. 61. It noted that because Petitioner failed to show that admitting Dr. Duralde's limited testimony, (that R.W. admitted (during a medical examination) that Petitioner touched him on his "pee-pee" and butt and that R.W. stated to her that Petitioner was "just looking at [his pee-pee],") was harmful error, even if it did violate the confrontation clause, due to the large volume of other evidence supporting his conviction. *Id.*

Petitioner objects, maintains that there was a confrontation violation, and asserts that it was harmful. Dkt. 73.

Even assuming there was a confrontation violation, as stated in the Report and Recommendation, Petitioner does not demonstrate that harmful error resulted – he does not show

that no reasonable jury would have convicted him without Dr. Duralde's testimony. Any constitutional error was harmless. Petitioner's objections are either without merit or fail to provide a basis to reject the Report and Recommendation regarding ground six.

<u>Grounds Seven and Eight</u>

As to ground seven, Petitioner asserts that "[t]here was insufficient evidence to convict Petitioner of second-degree assault of a child (Count 40)." Dkt. 8. Petitioner claims, in ground eight, that there was insufficient evidence to convict him of first degree rape of a child (count 40). *Id.*

The Report and Recommendation recommends denial of relief on both grounds seven and eight. Dkt. 61. It points the controlling rule - when evaluating the constitutional sufficiency of the evidence to support a criminal conviction claim, the court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Dkt. 61 (*citing Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

In his objections, Petitioner raises arguments related to the evidence offered to support Count 40, including again asserting that just because one of the pictures of R.W. shows what appears to be alligator clips on R.W.'s genitals with wires running from the clips to unknown locations, the photograph is insufficient evidence that Petitioner was the one who placed the "props" on R.W. Dkt. 73. Petitioner also maintains that contrary to the statement in the Report and Recommendation, no electrical device was found in his closet. *Id.* Petitioner further contends that the evidence (that Petitioner took the pictures, that the images were located on Petitioner's computer, that the photographs were taken in Petitioner's bedroom, and the items were found in a container in Petitioner's closet) "makes it less likely that R.W. placed the items on himself."

Dkt. 73. Petitioner also maintains that the picture offered to support Count 36 first degree rape of a child, only shows an adult male penis near the victim's anus, and so does not demonstrate actual penetration. *Id.* Accordingly, he contends that the photograph is insufficient evidence of rape. *Id.*

Petitioner's objections do not provide a basis to reject the Report and Recommendation's recommendation that relief be denied on either of these counts. Petitioner only offers his view of the evidence; he fails to meet the standard under *Jackson* as to either ground seven or eight. His arguments are addressed in the Report and Recommendation and do not provide a basis to reject the recommendation that he be denied relief on grounds seven and eight.

## Ground Nine

In ground nine, Petitioner contends that his 116 year sentence, "on a first, non-homicidal offense," constitutes cruel and unusual punishment. Dkt. 8.

The Report and Recommendation recommends denial of Petitioner's ground nine for relief. Dkt. 61. The Report and Recommendation notes that Petitioner was convicted of 51 sex crimes against minors (who were around the age of six or seven), including 34 class A felonies crimes of rape of a child, attempted rape of a child, and child molestation, all of which are punishable up to a maximum of life imprisonment. *Id.* The Report and Recommendation recommends finding that the state courts' comparison of the gravity of the offenses and the severity of the sentence and their conclusion that the comparison did not lead to an inference of gross disproportionality, was not improper. *Id.*

In his objections, Petitioner asserts that the "grossly disproportionate" standard announced by the U.S. Supreme Court in *Ewing v. California,* 538 U.S. 11, 23 (2003) should not apply to him because he was a first time offender. Dkt. 73. He asserts that his convictions do not have a

potential life sentence. *Id.* Petitioner maintains that the "grossly disproportionate" sentence standard was misapplied. *Id.*

Petitioner's objections regarding ground nine do not provide a basis to reject the Report and Recommendation. Petitioner offers no authority for his argument that *Ewing* shouldn't apply to first time offenders. He fails to point to any authority that some of the offenses of which he was convicted are not punishable up to a maximum of life in prison. *See* RCW § 9.94A030 (33). Petitioner's contention that the standard was misapplied is addressed in the Report and Recommendation.

The Report and Recommendation (Dkt. 61) should be adopted and Petitioner's petition should be denied.

### C. PETITIONER'S OBJECTIONS RELATING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

The Report and Recommendation recommends that a certificate of appealabilty not issue. Dkt. 61. Petitioner objects, and argues that the Court should issue a certificate of appealability on all of his grounds, arguing that jurists of reason could find, and sometimes have found, in his favor on each of the issues raised. Dkt. 73.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas* petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Petitioner should not be granted a certificate of appealability. Petitioner failed to "make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims." *Slack,* at 483-483. He did not demonstrate "that jurists could agree the issues presented were adequate to deserve encouragement to proceed further."

The Report and Recommendation's recommendation that no certificate of appealability issue, should be adopted. Petitioner's objections do not provide a reason to decline to adopt this recommendation.

**D. CONCLUSION**

The Report and Recommendation (Dkt. 61) should be adopted. The petition (Dkt. 8) should be denied. A certificate of appealability should not issue. This case should be closed.

### III. ORDER

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 61) **IS ADOPTED**;
- The petition (Dkt. 8) **IS DENIED**;
- A certificate of appealability **SHALL NOT ISSUE;** and
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of August, 2018.

ROBERT J. BRYAN
United States District Judge